**UNITED STATES of America, Plaintiff,**

v.

**Reinaldo Ortiz PEREZ and Riscardo Diaz, Defendants.**

**Crim. No. 78–188.**

United States District Court, D. Puerto Rico.

March 5, 1979.

Justo Arenas Fernandez, Asst. U. S. Atty., San Juan, P. R., for plaintiff.

Angel L. Tapia Flores, San Juan, P. R., Joaquín Monserrate Matienzo, Hato Rey, P. R., for defendants.

OPINION AND ORDER

TOLEDO, Chief Judge.

Defendants Ortiz Pérez and Diaz have moved to suppress the telephone conversations which were consensually recorded and which the prosecution has announced it will use at trial. As grounds to suppress defendants present the argument that since the interception of telephone communications is absolutely prohibited by Section 10, Article II of the Puerto Rico Constitution, and such Section is part of an agreement or compact entered into by the Congress, then this Court must enforce such a provision.

The Government has opposed defendants' motion alleging in essence, (1) that no wire tapping was conducted in this case so as to put at issue the prohibition of Article II, Section 10 of the Constitution of the Commonwealth of Puerto Rico, and (2) assuming that there is a violation of Article II, Section 10 of the Puerto Rico Constitution, that provision is of a local nature, and does

not apply to the case at bar, the prosecution of a Federal crime, and a consensual monitoring of telephone communications under the Federal Omnibus Crime Control Act, Title 18, United States Code, Section 2510 *et seq.*

Section 2511(1)(b)(v) contains provisions as to the interception and disclosure of the Omnibus Crime Control Act made specifically applicable to the Commonwealth of Puerto Rico.

The easy way out would be to interpret Article II, Section 10 of the Constitution of the Commonwealth of Puerto Rico and hold that no "interception" or "wire-tapping" has taken place herein within the meaning of the Commonwealth's Constitution. However, we refrain from so doing for various reasons.

First, there is no need to embark into an interpretation of the Constitution of Puerto Rico for the reasons stated below. Secondly, we are hesitant to interpret the Constitution of Puerto Rico when the Supreme Court of Puerto Rico has not been given an opportunity to explain the meaning of the specific Section here involved. Deference to that Court should be observed as it is the highest judicial authority and the best interpreter of the Constitution of the Commonwealth of Puerto Rico.

We find that there is no need to hold that in this case there was no wire tapping violative of the Constitution of Puerto Rico, because defendants' argument that Article II, Section 10 of that Constitution is Federal law, is untenable.

In support of the "Federal law" theory, defendant alleges that inasmuch as in 1952, Congress approved the Constitution of the Commonwealth of Puerto Rico. Said ratification "was a careful and deliberate exercise of the Congressional power to bind itself to a specific compact or agreement."

Firstly, the Puerto Rico Constitution is *not* a part of the Puerto Rico Federal Relations Act which generally governs the relations between Puerto Rico and the United States.[1] Rather, the Congressional intent

behind approving this Constitution, was that the same would operate to organize a *local* government, and that its adoption would in no way alter the applicability of United States laws, and Federal jurisdiction in Puerto Rico. See H. Rept. 2275, 81st Cong., 2d Sess. on S. 3336 (June 19, 1950), 1950 U.S. Code Cong. Serv., pp. 2681–2684.

Secondly, even when Congress approved the Constitution of the Commonwealth of Puerto Rico "in the nature of a compact", Title 48, United States Code, Section 731b, it was simultaneously provided that "[t]he statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States . . . ." Title 48, United States Code, Section 734.

It is from the last Section partially quoted above, that the courts have consistently held that the Congress of the United States has the power in matters "not locally inapplicable" to extend its provisions to the Commonwealth of Puerto Rico. See: e. g. *Moreno Rios v. United States*, 256 F.2d 68, 71 (1 CA, 1958).

The Omnibus Crime Control Act, supra, authorizes in certain instances, the consensual recording of telephone communications. Title 18, United States Code, Section 2511(2)(e). Said Act is specifically made extensive to the Commonwealth of Puerto Rico, Title 18, United States Code, Section 2511(1)(b)(v). The constitutionality of the Act has been well established. *U. S. v. Feldman*, 535 F.2d. 1175 (C.A.Cal., 1976), cert. den. 429 U.S. 940, 97 S.Ct. 354, 50 L.Ed.2d 309; *U. S. v. Doolittle*, 507 F.2d 1368 (C.A.Ga.,1975); cert. dismissed 423 U.S. 1008, 96 S.Ct. 439, 46 L.Ed.2d 380, cert. den. 430 U.S. 905, 97 S.Ct. 1172, 51 L.Ed.2d 580; *U. S. v. Iannelli*, 477 F.2d 999 (C.A.Pa., 1973); aff'd 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616.

Article VI, Clause 2 of the Constitution of the United States provides what the Supreme Law of the Land shall be:

"This Constitution, and the Laws of the United States which shall be made in

---

1. See: Title 48, United States Code, Section 731d, under which the Puerto Rico Constitution

appears as a *note*, and not in the text of the statute.

Pursuance thereof; and all Treaties made, or which shall be made, under the Authority of the United States; . . . and the Judges in every State shall be bound thereby, any thing in the Constitution or Laws of any State to the contrary notwithstanding."

From the above, it follows that Article II, Section 10 of the Constitution of the Commonwealth of Puerto Rico, is the supreme law *in* Puerto Rico and in the courts of Puerto Rico. However, said provision cannot provide conditions on which Congress will effectuate its policies as to matters well within its province. *U. S. v. Georgia Public Service Commission,* 371 U.S. 285, 83 S.Ct. 397, 9 L.Ed.2d 317 (1963).

Accordingly, we are bound to conclude that the Federal Omnibus Crime Control Act, supra, is paramount to the provisions of Article II, Section 10 of the Constitution of the Commonwealth of Puerto Rico, and that therefore, the consensual recordings of the conversations, which will be presented in trial, were not unlawfully obtained. Thus, defendants' motion to suppress is to be denied.

Wherefore, in view of all of the above, defendants' motion to suppress must be DENIED.

IT IS SO ORDERED.