**UNITED STATES of America**

v.

**Victor Manuel GERENA, et al.**

**Crim. No. H–85–50.**

United States District Court,
D. Connecticut.

Dec. 9, 1986.

Albert S. Dabrowski, John A. Danaher, III, Asst. U.S. Attys., Stanley A. Twardy, Jr., U.S. Atty., David D. Buvinger, Trial Atty., U.S. Dept. of Justice, Hartford, Conn., for plaintiff.

Juan R. Acevedo, Hartford, Conn., for Norman Ramirez Talavera.

Harold Meyerson, New York City, for Ivonne Melendez Carrion.

Diane Polan, New Haven, Conn., for Elias Castro Ramos.

James Bergenn, Shipman & Goodwin, Hartford, Conn., for Carlos Ayes-Suarez.

Richard Reeve, Asst. Federal Public Defender, New Haven, Conn., for Isaac Camacho-Negron.

Linda Backiel, Philadelphia, Pa., for Antonio Camacho Negron.

Leonard I. Weinglass, New York City, for Juan E. Segarra-Palmer.

William M. Kunstler, New York City, for Filberto Ojeda Rios.

Michael Avery, Avery & Friedman, Boston, Mass., for Jorge Farinacci Garcia.

Margaret P. Levy, Hartford, Conn., for Angel Diaz Ruiz.

Michael Deutsch, Chicago, Ill., for Orlando Gonzalez Claudio.

John Williams, New Haven, Conn., for Hilton Fernandez-Diamante.

Ronald L. Kuby, New York City, for Luis Colon Osorio.

Robert J. Maldonado-Rivera, Rio Piedras, P.R., pro se.

F. Mac Buckley, Buckley & Santos, Hartford, Conn., for Paul Weinburg.

Jacob Wieselman, Hartford, Conn., for Luz Berrios-Berrios.

## RULING ON DEFENDANTS' MOTION TO SUPPRESS ALL ELECTRONIC SURVEILLANCE CARRIED OUT IN VIOLATION OF THE LAWS AND CONSTITUTION OF PUERTO RICO

CLARIE, Senior District Judge.

On November 10, 1986 defendant, Norman Ramirez Talavera, filed a motion to suppress evidence obtained by any electronic surveillance carried out in Puerto Rico by United States federal agents and other law enforcement officials. All of the defendants have adopted this motion. The defendants base their claim on the alleged violations of the Puerto Rico Constitution, the United Nations Charter, Resolution 1514 of the United Nations General Assembly, and general principles of international law.

The Court holds that in regard to the legality of the electronic surveillance neither international law nor the Puerto Rico Constitution is controlling. Puerto Rico is a Commonwealth of the United States; it is not an independent nation. Conflicts between the local laws of Puerto Rico and laws of the United States are not to be resolved by principles of international law. Moreover, the Puerto Rico Constitution was designed to address matters that are of purely local concern. The above mentioned criminal matter is brought in a federal district court pursuant to federal law. It is not a matter of purely local concern. Congress has retained the authority under 48 U.S.C. § 734 to include Puerto Rico in the scope of its legislation for matters not purely local. Congress has properly exercised its authority by including Puerto Rico within the definition of state under Title III of the Omnibus Crime Control Act. Accordingly, the motion to suppress is denied.

## HISTORICAL BACKGROUND

The United States government seeks to introduce evidence gathered through elec-

tronic surveillance conducted in various locations in the Commonwealth of Puerto Rico. The surveillance was carried out under Title III of the Omnibus Crime Control Act, 18 U.S.C. § 2510, et seq. This Act sets forth the procedures for the interception of wire and oral communication. The constitutionality of the Act has been previously established. *United States v. Perez*, 465 F.Supp. 1284, 1285 (D.P.R.1979), citing, *U.S. v. Feldman*, 535 F.2d. 1175, 1181 (C.A. Cal., 1976), *cert. denied*, 429 U.S. 940, 97 S.Ct. 354, 50 L.Ed.2d 309 (1976).

Significant for purposes of this motion is that portion of the Omnibus Crime Control Act which statutorily defines the term state specifically to include Puerto Rico. "State means any state of the United States, the District of Columbia, the Commonwealth of Puerto Rico, and any territory or possession of the United States." 18 U.S.C. § 2510(3).

The defendants claim that information gathered by electronic surveillance under the procedures set forth in Title III must be suppressed. This claim is based upon Article II, § 10 of the Puerto Rico Constitution which prohibits wiretapping and on principles of international law. In effect, the defendants argue that the Puerto Rico Constitution supercedes federal law in this area.

Following the Spanish-American War, Puerto Rico was ceded to the country under the treaty of Paris, 30 Stat. 1754 (1899). Henceforth, Puerto Rico was governed by a series of Organic Acts, the Foraker Act of 1900 and the Jones Act of 1917. Via a provision of the 1917 Jones Act, citizens of Puerto Rico were collectively granted American citizenship.

In 1952, the United States Congress authorized the people of Puerto Rico to organize a local government pursuant to a constitution of their own adoption. A majority of voters in Puerto Rico accepted the terms of the legislation and adopted a constitution. Upon recommendation of the President of the United States, Congress approved the constitution and it stood as a "compact between the United States and the people of Puerto Rico." Federal Relations Act, 48 U.S.C. § 731, et seq.

Under this "compact," the status of Puerto Rico was altered from that of a territory to that of a Commonwealth. This change was described in *Mora v. Mejias*, 206 F.2d 377 (1st Cir.1953) "... Puerto Rico has not become a State in the federal Union like the [50] States, but it would seem to have become a state within the common and accepted meaning of the word ... it is a political entity created by the people of Puerto Rico and joined in union with the United States of America under the terms of a compact." *Id.* at 387.

The ramifications of this "state-like" status are not easily summarized. For example, the United States Supreme Court in *Examining Board v. Flores de Otero*, 426 U.S. 572, 96 S.Ct. 2264, 49 L.Ed.2d 65 (1976) noted that, "this Court's decisions respecting the rights of the inhabitants of Puerto Rico have neither been unambiguous nor exactly uniform." *Id.* at 599, 96 S.Ct. at 2279. Although not providing a direct answer to the present question, several Supreme Court rulings in regard to Puerto Rico do provide this Court with a set of guidelines under which the present conflict can be resolved.

Early decisions of the Supreme Court recognized the limited application of the United States Constitution to Puerto Rico while it stood as a territory. *Downes v. Bidwell*, 182 U.S. 244, 21 S.Ct. 770, 45 L.Ed. 1088 (1901). Despite the change to a Commonwealth, Congress continued to leave the decisions as to what constitutional guarantees applied to Puerto Rico to the Supreme Court. *Torres v. Puerto Rico*, 442 U.S. 465, 470, 99 S.Ct. 2425, 2429, 61 L.Ed.2d 1 (1979).

The Court has ruled that the fourth amendment guarantee against an unreasonable search and seizure was applicable in Puerto Rico. *Id.* at 469–471, 99 S.Ct. at 2428–2429. The Court has also indicated that the first amendment freedom of speech provision is applicable to Puerto Rico. *Balzac v. Porto Rico*, 258 U.S. 298, 42 S.Ct. 343, 66 L.Ed. 627 (1922). Finally,

the citizens of Puerto Rico are protected by the due process clause and equal protection clause pursuant to either the fifth or the fourteenth amendment of the United States Constitution. *Calero-Toledo v. Pearson Yacht Leasing Co.*, 416 U.S. 663, 669, n. 5, 94 S.Ct. 2080, 2084, n. 5, 40 L.Ed.2d 452 (1974). As *Calero* indicates the Court has never decided whether these constitutional protections apply to Puerto Rico directly or via the fourteenth amendment as with the states. This uncertainty illustrates quite clearly that "Puerto Rico occupies a relationship to the United States that has no parallel in our history." *Flores*, 426 U.S. at 596, 96 S.Ct. at 2278. With this historical background, this Court now turns to the issues involved in this present motion to suppress.

## DISCUSSION OF LAW

### INTERNATIONAL LAW

The defendant argues that the United Nations Charter, Resolution 1514 of the United Nations General Assembly, and customary international law ought to govern the issues in this motion. The Court finds it unnecessary to undertake an analysis of the substantive provisions of any body of international law, because international law is not controlling in this action.

> International law in its widest and most comprehensive sense includes not only questions of right between nations, governed by what has been appropriately called the law of nations, but also questions arising under what is usually called private international law or the conflict of laws concerning the rights of persons within the territory and dominion of one nation by reason of acts, private or public, done within the dominion of another nation. 45 Am.Jur.2d International Law § 1

■ Despite defendant's assertions to the contrary (page 3, defendant's motion to suppress), this Court holds that Puerto Rico is not an independent nation. Under a provision of the Jones Act, citizens of Puerto Rico were collectively granted American Citizenship. Furthermore, the people of

Puerto Rico in the preamble to their Constitution have written, "We consider determining factors in our life our citizenship of the United State of America and our aspiration continually to enrich our democratic heritage in the individual and collective enjoyment of its rights and privileges ..." The relationship between the United States and Puerto Rico is not one of nation to nation. The present motion does not address a situation wherein one sovereign nation is imposing its laws on another sovereign nation. Thus, the Court holds that international law is not applicable to resolve a dispute between a provision of the Puerto Rico Constitution and federal law. *See Skirotes v. Florida*, 313 U.S. 69, 61 S.Ct. 924, 85 L.Ed. 1193 (1941). (international law is not applicable to resolve a domestic dispute)

### THE LAW OF PUERTO RICO

The second argument advanced by the defendant is that the Puerto Rico Constitutional provision which prohibits wiretapping supercedes 18 U.S.C. § 2510, et seq. This Court rejects the claim based on words and history of 48 U.S.C. § 734.

The Puerto Rico Bar Association in its amicus curiae brief argues that Puerto Rico is not a state and Section 9 of the Federal Relations Act (48 U.S.C. § 734) does not say that all federal laws apply automatically to Puerto Rico as they apply to the other states. (pages 3–4, brief supporting the motion to suppress). The Court agrees with this assertion. However, the assertion does not assist the Court in resolving the present dispute.

The preceding discussion briefly set forth the emergence of Puerto Rico as a Commonwealth of the United States; Puerto Rico is not a federated State as are the 50 States in the Union. However, as the decisions of the Supreme Court in regard to Puerto Rico illustrate, the citizens of Puerto Rico are United States citizens who enjoy certain protections of the United States Constitution. Furthermore, in determining the application of federal and

constitutional law in regard to Puerto Rico, the analogy to a state is sometimes made. *See Calero-Toledo, supra,* 416 U.S. at 669–670, 94 S.Ct. at 2084–2085. (Puerto Rico statutes are state statutes for purposes of the 3–judge Court Act, 28 U.S.C. § 2281.)

48 U.S.C. § 734 reads in relevant part that, "the statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States ..." The Court will look to the historical context in which the statute was drafted in order to rule on its application in the present case. One objective of the Federal Relations Act was to accord to Puerto Rico a greater degree of autonomy over local affairs. Prior to 1952, congressional statutes not the law of Puerto Rico would prevail, no matter how local the subject. For example, Congress insisted not only that all legislation of Puerto Rico be reported to it but also retained the authority to veto any of the legislation. *Cordova v. Simonpietri Ins. v. Chase Manhattan Bank,* 649 F.2d 36, 40 (1st Cir.1981), citing §§ 37, 57, Jones Act, 39 Stat. at 964, 968.

■ The Federal Relations Act sought to alter this status wherein, even in matters of purely local concern, Congress had the authority to make the final determination. Given that the objective of the Federal Relations Act was to enable the people of Puerto Rico to exercise a greater degree of autonomy over local affairs, 48 U.S.C. § 734 must be read to mean that federal laws ought not prevail over the law of Puerto Rico in matters of purely local concern; in matters of purely local concern, federal law is locally inapplicable.

Judge Magruder in *Figueroa v. The People of Puerto Rico,* 232 F.2d 615 (1st Cir. 1956) ascribed this meaning to the statute. The defendant in *Figueroa* was charged with a violation of the penal code of Puerto Rico. Judge Magruder held that the law of Puerto Rico, enunciated in the Puerto Rico Constitution, not the Federal Law of Criminal Procedure, governed the procedure for waiver of a jury trial in a local court of Puerto Rico. The Federal Rule in *Figueroa* was locally inapplicable.

■ The present case arises in a posture very different from that in *Figueroa.* This is a prosecution brought in a federal district court. The defendants are charged with violating federal law. The present matter is directly on point with both *United States v. Quinones,* 758 F.2d 40 (1st Cir.1985) and *Perez, supra.* The defendant claims that unlike the defendant in *Quinones,* he is not arguing that the Puerto Rico Constitution is simply another federal law which should prevail over Title III. This argument was rejected by the first circuit in *Quinones.* The Court finds, however, that it is of no relevance to the determination of this motion whether the defendant is or is not advancing the argument made in *Quinones.*

■ The determination of this motion turns not on what the Puerto Rico Constitution is but rather on the words of 48 U.S.C. § 734. Based on this statute, "courts have consistently held that Congress of the United States has the power in matters not locally inapplicable to extend its provisions to the Puerto Rico Commonwealth." *Perez, supra,* at 1285, citing *Moreno Rios v. United States,* 256 F.2d 68, 71 (1st Cir.1958). Congress has properly exercised its power under 48 U.S.C. § 734 by including Puerto Rico within the definition of state for purposes of Title III of the Omnibus Crime Control Act. The scope of the Act is not purely local. Accordingly, the motion to suppress is denied.

SO ORDERED.